to move to appeal 23-2081 Santiago Lopez v. Garland. We'll begin with oral argument on behalf of the appellant Ms. Osuna. Good morning your honors. May it please the court. My name is Kiavera Osuna and I represent petitioner Mr. Santiago, Mr. Juan Santiago Lopez. Your honor, I have two issues at play here. First is the issue of whether the immigration judge committed a legal error in failing to consider Mr. Santiago Lopez's evidence. She deprived him of his right to present evidence as well as also violating her own statutory duty to issue a decision based on reasonable, substantial, and probative evidence. The second issue is whether the Board of Immigration Appeals erred in failing to terminate his removal proceedings based on his timely objection to a deficient notice to appear. On this first issue, what more should the immigration judge have said? Yes, your honor. So in matter of merit, the Board of Immigration Appeals lays out several factors to making a discretionary determination. One of those factors does include hardship to the petitioner's family if he were to be removed from the United States. Now the immigration judge in her decision did note that assuming our U.N.O., Mr. Santiago Lopez was statutorily eligible for cancellation, she would have denied on discretion. However, the judge could not have issued a reasonable decision without grappling with the hardship evidence here. In her analysis, she summarizes that these positive equities for discretion in just four sentences. Mr. Santiago has resided in the United States for a long period of time. He has an employment history, tax returns, and has four children. That is not an analysis. It's a recitation of facts. She failed to consider the evidence that he provided and his partner, Ms. Ulalia's, proper testimony. The financial hardship to the children. Ms. Ulalia was a stay-at-home mother since 2011, the birth of their first child. The financial income coming in as well as the bills going out. Mr. Santiago Lopez's sixth grade education in Mexico and no work experience there. He has no comparable paying, not an ability to get a comparable paying job in Mexico. She further failed to analyze the lack of his property rights in Mexico compared to the he did mention that since his family works the land, there is no other job besides that. Property rights in the United States, the fact that he had a home here. So in failing, since the factors in the discretionary analysis includes the hardship, the petitioner's family members would suffer as a result of his removal. In failing to analyze that statutory requirement of hardship by merely glossing over the evidence presented, the IJA could not have made a proper discretionary determination and she also violated his rights to present all his evidence. Can I ask you a question on that? So here's what I'm trying to figure out. For purposes of the judicial review provisions of the INA, I think you're arguing under 1252 A2D that there's a legal error that was committed here. Yes. Okay. My question is, can you explain as clearly as you can, what precisely is the legal error? The legal error here was, so this is the question of law, which falls within that 1252 A2D. Right. Because the statute provides rights and duties in court. So the IJA therefore violated Mr. Santiago's right to present his evidence because she did not fully consider all the evidence presented. She did not analyze the hardship. She just recited the facts, but did not grapple with them. She also committed a legal, there's a legal error. Okay. So we have recognized as a legal error, a circumstance where an individual just altogether ignores a category of evidence. Okay. But when I hear you saying what you're saying and you're being clear about it, and when I read your brief, that doesn't seem to be what you're arguing. What it seems, and push back on this if I'm wrong, what it seems to be is that there is a consideration as a substantive matter of the Marin factors in particular hardship, you know, vis-a-vis the facts here. That's what it sounds like you're arguing to me. Well, and I think what we're arguing, Your Honor, is, you know, one of those Marin factors is the hardship. Right. So that's one of the many factors in order to weigh whether discretion should be in itself make that analysis of hardship. Okay. Is the arguendo assumption, I'm looking right at it, you know where it's at too, is making that assumption and proceeding to the discretionary consideration, is that in and of itself a legal error? Yes, we do believe that is a legal error because in stating that there is hardship, that there's, you know, 10 years of physical presence, all these other factors, that's not in itself dealing with the hardship factors. There's no analysis of all the evidence that Mr. Santiago has presented and that his partner proffered as well. So in completely ignoring that, that's a legal error that does fall within the jurisdiction savings clause, which this court therefore does have jurisdiction to review. And, Your Honor, the second issue that I would focus on here is that the board also committed error in failing to terminate his removal proceedings because he timely objected to this deficient notice to appear. Why isn't that foreclosed by Supreme Court precedent? So in this, Chavez, they said that there's a single document that has to meet all the requirements to meet the 1229A1 requirements, not just the time and date, that's just one of the requirements. It includes charges against the alien as well as the allegations. Now, Mr. Santiago, Mr. Santiago Lopez did object to the deficient notice to appear. Now, he did state, you know, these were the charges and the allegations were wrong, but even still the department did not amend the notice to include the time and date. So that this document was still deficient. This court did know in Ortiz-Santiago, again, that the Congress did define the NTA as a document including all of these various things and goes on to name those. While the deficiencies have been time here, there are additional deficiencies. Now that, again, like the 221 may have amended some of them but did not still cure the deficient NTA. And this court itself also spoke in Areola-Ochoa that proceedings therefore may be terminated if the objection was timely. And this is analyzed using a holistic and circumstance-specific approach. His objection was timely. He did this objection at his first representative master, the second overall master, before merits had been discussed, no scheduling order had been missed. So this is well within the timeliness analysis of Areola-Ochoa. Therefore, as the fact that it was timely, there's no need to move on to the second prong and the board therefore should have terminated Mr. Spurlock's proceedings. Would you like to reserve the rest of your time? Yes, Your Honor, I would. Thank you, Ms. Osana. Let's now move to Mr. Spurlock. Good morning. May it please the court. Matthew Spurlock on behalf of the United States. I'd like to start off with what Petitioner's Council just ended with. First of all, the board properly denied the petitioner's request to terminate their proceedings based on the missing time and date in the notice to appear. And the board relied exclusively on this court's decision in Ortiz where they precluded this exact same situation. Petitioner's now arguing that they made a timely objection to the time and date missing on the NTA, but that's not true. The objection to the time and date on the NTA did not come up until the board appeal. It was never brought up with the immigration judge at all. And so therefore, because it wasn't brought up at any time, even at a point at which the petitioner made an objection to the substance of one of the charges in the NTA, that was brought up before the immigration judge. And the Department of Homeland Security actually changed the NTA to accommodate the new information that petitioner had brought, which was that they had been admitted up with a H-2B instead of crossing the border without any authorization whatsoever. So they made that change. That was brought to the attention of immigration judge, but they never objected to a missing time and date in the NTA. And indeed, they appeared with counsel several times before the immigration judge without ever objecting to the fact that there wasn't technically a time and date in the NTA. This kind of argument has been precluded, and it's certainly not a timely objection. It wasn't made until it was made to the board. Next, I'd move on to the sort of the threshold issue with this case before, is whether this court has jurisdiction to review the agency's discretionary determination that petitioner was not eligible for cancellation of removal based on discretion alone. Now, petitioner's arguments that they're making do not raise any reviewable constitution or legal question in this case. All the petitioner is essentially doing is questioning the agency's discretionary determination that the positive equities in the case were outweighed by the petitioner's multiple DWIs that they had been convicted of over the years in their history with driving under the influence of alcohol. Mr. Sperlite, can I, I want to put you on the spot with a legal question. Do your best with it. What's the Attorney General's position on what, on the scope of judicial review that is precluded under 1252 A2B, you know, vis-a-vis the A2D issue in the wake of Guerrero, Lasparilla, and Patel? The law just, it seems very, very confused. It does, Your Honor. So, my, another way to state the question is what, what judicial review in your, in your judgment is precluded by A2B? Mindful of Guerrero, Lasparilla, mindful of Patel, and then, of course, our court has some precedent on this, too. That's correct, Your Honor, and there's also, there's a current pending case before the Supreme Court, the Wilkinson case, that gets into the same issue specifically with exceptional, extremely unusual hardship, which is sort of parallel to this case, but is not because the immigration judge specifically assumed the EUH aspect, the statutory, statutory prong, sort of, before you get to the pure discretionary part. And that's the assuming arguendo point. Correct. Yeah. And, and this is, in this case, I would probably stick to what's available in this case right now. The Supreme Court hasn't issued a combination of facts applicable to the law, and therefore, the courts would have jurisdiction for the EUH determination, but in this case, that doesn't exist because this is a purely discretionary determination. It's based completely on discretion, and the only legal aspect that you could really challenge on whether the board or the agency properly exercised that discretion is what was as being improper or unconstitutional or anything along, they're saying that, in fact, that is what the agency should have followed was matter of Marin and CVT. And I think it's clear in this case that the agency did follow a matter of Marin and CVT. But what Ms. Osuna, what Ms. Osuna is saying, if I understand her, she can correct me, okay, is that in her judgment, the IJ here really effectively, functionally just disregarded a whole category of evidence. You know, the, the particulars of Mr. Santiago Lopez's, Pez's hardship situation, and that, and that disregarding a whole category, that's a legal issue. That's an A2D issue. That's not an A2B issue. That's correct, Your Honor, and it's true that this court has jurisdiction to consider its own the board completely disregard one of the Marin factors in determining whether or not the petitioner rated a decision for, on a discretionary basis. But there's clear evidence in the record that that's not what happened, that this was just something they completely never considered. There's plenty of evidence in the record. If you look at it. Right, so if that's right, if that's right, okay, and I think, you know, if that's correct, why wouldn't you say, well, maybe you are, it's an A2D case. The premise of the legal argument doesn't hold up factually because there's no way you can show there was a disregard of a whole category of evidence. That's the legal argument that's put forward. It doesn't have merit because it's contradicted by what we see in the record, and therefore there's no jurisdiction. There's, I would, I would agree with that argument. I think you can get there that way, but I think the basis that this is just a purely discretionary determination. Now, if they raise issues that will, as a matter of law, do they violate the board's own decision in Marin or CBT? That's not argued, though. Exactly, and so I don't think that there's a valid legal argument being made in this case, which is why the court can simply say, this is a purely discretionary determination. I guess what, I guess I would go back and say, no, we do have jurisdiction. The legal argument fails. It fails on the merits. If the contention is that a category of evidence was ignored, it doesn't line up with the record. So we do have jurisdiction to consider it. It just fails on the merits. It fails on the merits, and you're not, the court would not then be able to permit it to consider the discretionary determination, i.e. re-weigh in the adverse, you know, there's no discussion of whether, in this case at all, about whether the petitioner's negative aspects, the DWIs, were outweighed by the positive aspects, because we're not getting into that. This is simply, did they violate the law by not considering a broad portion of what's in the Marin case as something that the board should consider in coming to the discretionary determinations? That's clearly not what happened. Every other argument that they make is simply just trying to essentially wedge a discretion review, basically what they found was not good enough sort of thing, instead of just simply saying, you're not allowed to get into that because it's a discretionary determination. I don't know if that's, that's not directly answering your question. I don't know. I mean, at some point the Supreme Court's going to have to help us out on B and D cases like this. Yes, Your Honor. Certainly under D, as you mentioned, you get there in this case, because as soon as you look at the record, and I just, just to go ahead and administrative record 114 and 129 through 30, the immigration judge during the examination of petitioner actually sort of took on the role of asking specific questions about. You're basically arguing by analogy, aren't you, to the rule we have in other areas that we can dismiss an appeal that's facially frivolous. You'll look at the, you'll look at the brief and there's just an exercise of discretion. Nobody missed anything. Exactly. Exactly. It's, we don't even, we don't go any further. Right. Because if you, you could, you could always circumvent the, the discretionary jurisdiction stripping effect of 1252. You could always just back, you know, backdoor that by simply saying, oh, well, this is a legal issue. They completely missed the, all our evidence that showed that he was eligible for a discretionary. What you're arguing for really is an anti-buzzword kind of implementation of the no jurisdiction rule. Exactly. Buzzwords are inadequate. Right. Because you can always raise the, you can always raise the legal, excuse me, raise a legal issue by just shoehorning the, well, they missed something. So do you think our, I, I, I think you were right on it with Judge Ripple. The question is, is our case law, Martinez-Baez, Areola-Archoa, Cruz-Velasco, is that case law consistent with what you just said? I, I believe it is, but obviously you're not, I'm not convincing you, but I don't know. I mean, that's our problem. That's not your problem. We, if we have a problem with our case law, we got to deal with it. Thank you, Mr. Spurlock. Ms. Osuna, we'll move back to you now for rebuttal arguments. I'd briefly like to touch on the, the board regarding the termination. Opposing counsel does mention, you know, there was no objection to the time and date, no objection to the time and date. However, the case law does not indicate that there has to be an objection to the time and date. It's an objection to a deficient notice to appear. And here there was a deficient notice to appear. The notice to appear does not, is not deficient just because there's no time and date. There's deficiencies if it doesn't meet the requirements within 1229A1, which there are deficiencies here. Time and date is just one of them. So we, you know, I, I, I focus on that. Regarding the other points regarding jurisdiction here, we are not saying that the immigration judge did not properly consider whether she could, whether Mr. San Diego Lopez could establish hardship or not, but rather that her decision regarding the discretion could not have been properly reasoned if she failed to consider the evidence. Opposing counsel does not point to anywhere in the record where the— Can I pause you on that? With Judge Brennan's grace here, you'll get the time. And I'm sorry to interrupt you. Under that formulation, under what you just said, how is there any appellate jurisdiction? Sorry. Right. What you were, what, what you were saying is you, you started by saying, no, no, no, I'm not saying there was a wholesale, you know, disregard. But what I'm saying is that the immigration judge failed to consider the hardship, in particular his family circumstances. And then I interrupted you. Yes. Okay. That, but that sounds like what you're doing is you're challenging the weighting or the lack thereof that the immigration judge afforded to your client's family circumstances. Right. And it could be that on, on remand, the IJ would find that there's no hardship. By analyzing this evidence, she would note the positive and the negatives, you know, outweigh, and there is no exercise of discretion here. But the immigration judge did not need to, here the immigration judge does need to consider the evidence and then use it to make her decision. And again, what the judge only did is just state he's been in the United States, he's worked, he's paid taxes, he's had four children. We would argue that that is not a proper analysis, that it's not grappling with the evidence that has been provided. And therefore that would be the error that she did not make a reasonable decision and she denied him his right to provide this evidence. Reviewable under A2D. A2D. Correct. Thank you, Ms. Osuna. Thank you, Mr. Spurlock. The case will be taken under advisement.